# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DEBORAH OLSSON, | Civil Action No.: |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| FEDCHEX RECOVERY, LLC d/b/a FCR COLLECTION SERVICES, | |
| Defendant. | |

## Nature of Action

1. This is a lawsuit brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq*.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

---

[1] *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014),

4. The FCCPA was enacted with a similar goal, "to eliminate abusive and harassing tactics in the collection of debts." *Brindise v. U.S. Bank Nat'l Ass'n*, 183 So. 3d 1215, 1221 (Fla. 2d DCA 2016), *rev. denied*, No. SC16–300, 2016 WL 1122325 (Fla. Mar. 22, 2016).

**Parties**

5. Deborah Olsson ("Plaintiff") is a natural person who at all relevant times resided in Broward County, Florida.

6. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than FEDChex Recovery, LLC d/b/a/ FCR Collection Services ("Defendant").

7. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a debt emanating from a now deceased relative's stay at an assisted living facility (the "Debt").

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and a "debtor" as defined by Fla. Stat. § 559.55(8).

9. Defendant is a limited liability company based in Orange County, California.

10. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

---

http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last accessed August 3, 2020).

11. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13. The CFPB has identified Defendant as a debt collector.[2]

14. Defendant held itself out to Plaintiff as a debt collector.

15. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the FCCPA, Fla. Stat., § 559.55(7).

## Jurisdiction and Venue

16. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

17. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

18. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in this district.

## Factual Allegations

19. On June 30, 2020, Defendant sent an electronic mail communication to Plaintiff in connection with the collection of the Debt.

20. A true and correct copy of Defendant's June 30, 2020 communication to Plaintiff is attached as Exhibit A.

---

[2]   *See* https://files.consumerfinance.gov/f/documents/cfpb_fedchex-recovery-llc_decision-and-order-on-petition.pdf (last accessed August 3, 2020).

21. The June 30, 2020 communication advised Plaintiff that Defendant was contacting her regarding her collections account with Pacifica Sunrise LLC, which had not yet been paid in full. *Id*.

22. The June 30, 2020 communication sought payment of the Debt in order to "prevent further collection efforts" from Defendant's "Attorney network." *Id*.

23. On July 12, 2020, an attorney for Plaintiff responded by electronic mail to Defendant's June 30, 2020 communication.

24. A true and correct copy of the July 12, 2020 communication to Plaintiff is attached as Exhibit B.

25. The July 12, 2020 communication advised Defendant, *inter alia*, that Plaintiff was represented by counsel regarding the Debt and that the Debt was disputed. *Id*.

26. The July 12, 2020 communication to Defendant also included the name, address, phone number and electronic mail address of Plaintiff's attorney. *Id*.

27. No matter, on July 15, 2020, Defendant sent another electronic mail communication directly to Plaintiff.

28. A true and correct copy of Defendant's July 15, 2020 communication to Plaintiff is attached as Exhibit C.

29. The July 15, 2020 communication—which was nearly identical to the June 30, 2020 communication—advised Plaintiff that Defendant was contacting her regarding her collections account with Pacifica Sunrise LLC, which had not yet been paid in full. *Id*.

30. The July 15, 2020 communication then sought payment of the Debt in order to "prevent further collection efforts" from Defendant's "Attorney network." *Id*.

4

31. Then on July 29, 2020, Defendant sent another electronic mail communication directly to Plaintiff.

32. A true and correct copy of Defendant's July 29, 2020 communication to Plaintiff is attached as Exhibit D.

33. The July 29, 2020 communication—which was nearly identical to the June 30, 2020 and July 15, 2020 communications—advised Plaintiff that Defendant was contacting her regarding her collections account with Pacifica Sunrise LLC, which had not yet been paid in full. *Id*.

34. The July 29, 2020 communication then sought payment of the Debt in order to "prevent further collection efforts" from Defendant's "Attorney network." *Id*.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(2)**

35. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 34.

36. The FDCPA at 15 U.S.C. § 1692c(a)(2) provides:

> (a) *Communication with the consumer generally* Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
> *****
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

37. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating directly with Plaintiff on July 15, 2020 and July 29, 2020 when it was already on notice that an attorney represented her regarding the Debt.

5

38. The harm suffered by Plaintiff is particularized in that the violative debt collection communication at issue was sent to her personally and regarded her personal alleged debt.

39. "One of the purposes of § 1692c(a)(2) is to provide a legal buffer for the consumer[,] and a debtor who does not want to be pestered by demands for payment, settlement proposals, and so on, need only tell his lawyer not to relay them." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 602 (7th Cir. 2016) (internal quotations and citations omitted).

40. Defendant's conduct harmed Plaintiff by subjecting her to further direct collection efforts notwithstanding her attempt, through her attorney, to have all future communication from Defendant regarding the Debt go to her attorney.

41. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of that right creates the risk of real harm. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

**Count II: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d**

42. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 34.

43. The FDCPA at 15 U.S.C. § 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

44. Defendant violated 15 U.S.C. § 1692d by communicating directly with Plaintiff on July 15, 2020 and July 29, 2020 when it was already on notice that an attorney represented her regarding the Debt.

45. The natural consequence of Defendant's conduct was to harass and abuse Plaintiff, who, by having an attorney communicate his representation of Plaintiff to Defendant, put Defendant on notice that she no longer wished to be contacted directly regarding the Debt.

46. The harm suffered by Plaintiff is particularized in that the violative initial debt collection communication at issue was sent to her personally and regarded her personal alleged debt.

47. "One of the purposes of § 1692c(a)(2) is to provide a legal buffer for the consumer[,] and a debtor who does not want to be pestered by demands for payment, settlement proposals, and so on, need only tell his lawyer not to relay them." *Bravo*, 812 F.3d at 602.

48. Defendant's conduct harmed Plaintiff by subjecting her to further direct collection efforts notwithstanding her attempt, through her attorney, to have all future communication from Defendant regarding the Debt go to her attorney.

49. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of that right creates the risk of real harm. *See Church*, 654 F. App'x at 995.

### Count III: Violation of the Florida Consumer Collection Practices Act, Fla. Sta. § 559.72(18)

50. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 34.

51. The FCCPA at Fla. Sta. § 559.72(18) provides:

> **Prohibited practices generally**.—In collecting consumer debts, no person shall:
> \*\*\*\*\*
>
> (18)  Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the

7

>   debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

52. Defendant violated Fla. Sta. § 559.72(18) by communicating directly with Plaintiff on July 15, 2020 and July 29, 2020 when it was already on notice that an attorney represented her regarding the Debt.

53. The harm suffered by Plaintiff is particularized in that the violative initial debt collection communication at issue was sent to her personally and regarded her personal alleged Debt.

54. Defendant's conduct harmed Plaintiff by subjecting her to further direct collection efforts notwithstanding her attempt, through her attorney, to have all future communications from Defendant regarding the Debt go to her attorney.

55. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of that right creates the risk of real harm. *See Church*, 654 F. App'x at 995.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692c(a)(2), 15 U.S.C. § 1692d, and Fla. Sta. § 559.72(18);

B. Awarding Plaintiff statutory and any actual damages pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77;

C. Awarding Plaintiff her reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77;

D. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

E.  Awarding other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated:  August 4, 2020                                Respectfully submitted,

/s/ *James L. Davidson*
James L. Davidson
Florida Bar No. 723371
Jesse S. Johnson
Florida Bar No. 69154
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com